**FIRST AMERICAN CORP., et al., Plaintiffs,**

v.

**Shiekh Zayed Bin Sultan AL–NAHYAN, et al., Defendants.**

**Clark M. CLIFFORD and Robert A. Altman, Plaintiffs,**

v.

**FIRST AMERICAN CORP. and First American Bankshares, Inc., Defendants.**

Civil Action Nos. 93–1309JHGPJA, 95–0877JHGPJA.

United States District Court, District of Columbia.

June 9, 1998.

Stephen J Brogan, Mary Ellen Powers, David E. Miller, Michael P. Gurdak, Peter J. Wang, Jones, Day, Reavis & Pogue, Washington, DC, for First American Corp. and First American Bankshares, Inc.

William H. Jeffress, Jr., Douglas F. Curtis, Timothy J. Preso, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, For Clifford and Altman.

## ORDER

GREEN, District Judge.

Justice William O. Douglas is famous for having proposed a unique solution to determining when a dispute involving environmental laws is properly a case or controversy—give trees legal standing to sue. *See Sierra Club v. Morton*, 405 U.S. 727, 741, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) (Douglas, J., dissenting) ("Contemporary public concern for protecting nature's ecological equilibrium should lead to the conferral of standing upon environmental objects to sue for their own preservation."). If ever adopted, the proposal could have numerous unintended consequences—one of which would be to subject civil litigants in complex cases such as these to potential liability. For many are the trees that have died so that the parties in these consolidated cases may present their respective cases, and it would not be surprising if the trees had a complaint or two to lodge against them.

Indeed, currently pending are the First American parties' (collectively "First American") motion for partial summary judgment in Civil Action No. 93–1309 and for summary judgment in Civil Action No. 95–0877 and the cross motions of Clark M. Clifford ("Clifford") and Robert A. Altman ("Altman") for summary judgment in both cases. The thickness of First American's motions and accompanying exhibits can be measured in feet rather than in inches. The numerous exhibits largely function to support First American's sizable list of material facts that it claims are not genuinely disputed.

Clifford and Altman have moved for relief from the requirement of Local Rule 108(h) requiring them to controvert with record evidence First American's allegedly undisputed facts or have them deemed admitted, *see* D.D.C.R. 108(h), or in the alternative for 45 days to respond to First American's motions. First American's factual allegations are admittedly quite lengthy, but they are neither new nor unexpected. Clifford and Altman are entitled to some modest relief, but the date for the trial is fast approaching and these matters must be resolved expeditiously.

To aid in the expeditious resolution of the pending motions, the Court provides certain specific directions immediately below that merit the parties' close attention. Accordingly, it is hereby

**ORDERED** that Clifford and Altman's Motion For Partial Relief From Local Rule 108(h) or, in the Alternative for a 45–Day Extension is GRANTED in part and DENIED in part. Clifford and Altman shall file their opposing briefs, each accompanied by a Rule 108(h) statement, to First American's motion for partial summary judgment in Civil Action No. 93–1309 and First American's motion for summary judgment in Civil Action No. 95–0877 **not later than July 2, 1998.** And it is

**FURTHER ORDERED** that First American shall file its oppositions to both of Clifford and Altman's summary judgment motions **not later than June 15, 1998;** and it is

**FURTHER ORDERED** that when each party serves opposing counsel with the party's respective opposing briefs, the party shall at the same time, serve on opposing counsel a computer floppy disk that contains

a copy of the word-processing file from which the party's filed copy of the Rule 108(h) statement was printed. Counsel shall certify that the words stored in the computer file are identical to those that appear on the printed Rule 108(h) statement filed with the Court.

It shall then become the responsibility of the moving party to use the computer file served by the non-moving party to prepare and file with the Court a document that provides a side-by-side presentation of the parties' respective Rule 108(h) statements. An example is provided directly below:

## HEADING

| Clifford and Altman's Statement of Material Facts Not in Dispute | First American's Statement of Genuine Issues Necessary to Be Litigated |
| --- | --- |
| 1. On March 1, 1982 the sky over Washington, D.C. was blue [record cite]. | [Blank] |
| 2. On March 2, 1982 the sky over Washington, D.C. was reasonably cloudy. [record cite]. | 2. [or whatever the relevant paragraph is] Whether the sky was reasonably cloudy is an issue for the jury. Some witnesses testified that the sky was moderately clear. [record cite]. Others saw no clouds at all. [record cite]. |
| [No corresponding paragraph in the moving party's 108(h) statement] | 3. Weather patterns in Washington, D.C. were affected by a stronger-than-usual jetstream in 1982. [record cite]. |

This should be a purely ministerial task. Consequently, the moving party shall file and serve the above-described document within **three** (3) weekdays after the filing of the parties' respective oppositions. Accompanying the filing of this side-by-side presentation of the Rule 108(h) statements will be a certificate from counsel for the moving party that the text of the Rule 108(h) statements in this document is identical to the text in the filed copies of same. If the parties have an alternative method for accomplishing the same result within the same timeframe, they are free to adopt such method. And it is

**FURTHER ORDERED** that for the sake of the unrepresented trees, the parties may, in their opposing briefs, cross-reference their exhibits in their moving papers rather than duplicate identical exhibits to support their opposition.

IT IS SO ORDERED.